**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3098
_____

UNITED STATES OF AMERICA

v.

JOSEPH DAYS,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 99-cr-00072-001)
District Judge: Hon. Harold A. Ackerman

Submitted November 17, 2010

Before: BARRY, CHAGARES, and VANASKIE, Circuit Judges.

(Filed November 30, 2010)

_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Joseph Days appeals the revocation of his supervised release and the imposition of

a thirteen-month prison sentence with an additional two years of supervised release for

violating the terms and conditions of his probation. His attorney has filed a motion to

withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967). We will grant the motion and affirm the sentence.[1]

## I.

We write for the parties' benefit and recite only the facts essential to our disposition. On February 19, 1999, Joseph Days entered into a plea agreement with the Government after being charged with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was subsequently sentenced to 120 months of imprisonment and three years of supervised release.

During his period of supervised release, the Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision claiming that Days violated his release in three instances. On July 22, 2008, Days was arrested and charged with simple assault and robbery after being accused of attacking his ex-girlfriend, Whitney Williams, and entering her apartment. After being ordered by the Probation Office to end all contact with Williams, on August 28, 2008, Days was arrested for a domestic violence offense after attacking Williams and holding her at knife point. According to the Probation Office, these two arrests violated the condition of supervised release that Days not "commit another state or local crime," and were determined to be Grade A violations. The third violation involved Days's non-compliance with the Probation Office's orders to end contact with Williams. This was classified by the Probation Office as a Grade C violation.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

On July 8, 2009, Days entered a guilty plea to the Grade C violation, and the Government orally agreed to dismiss the remaining two Grade A violations. The court accepted his guilty plea after verifying that it was given knowingly, voluntarily, and without coercion or distress. Prior to sentencing, his counsel highlighted that while on supervised release Days had been gainfully employed, had registered as a sex offender, had not tested positive for drugs, and had completed an anger management program. The Probation Office calculated a sentencing range of seven to thirteen months, and both the Government and Days agreed to a sentence of thirteen months with two years of supervised release. Days then requested credit for time served for his incarceration prior to sentencing.

The District Court sentenced Days to thirteen months in prison followed by two years of supervised release, and granted Days credit for time served. On September 29, 2009, Days was released from prison.

Days filed a timely pro se notice of appeal to this Court. His counsel filed a timely notice of appeal, thereafter moved to withdraw, and filed an Anders brief in support of the motion. Days was invited to file a pro se brief in support of his appeal, but he has not done so.

II.

Counsel may seek to withdraw from representation if, after a conscientious examination of the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit . . . ." 3d Cir. L.A.R. 109.2(a) (2010); see also Anders, 386 U.S. at 744. Evaluation of an Anders motion requires a twofold inquiry: (1) whether

3

counsel has thoroughly examined the record for appealable issues and has explained in a brief why any such issues are frivolous; and (2) whether an independent review of the record presents any non-frivolous issues. See United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). If we determine that "the Anders brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the Anders brief itself." Id. at 301 (quotation marks and citation omitted).

We conclude that counsel's Anders brief is adequate, and thus, it will guide our independent review of the record. Counsel identifies two possible claims that Days could make on appeal: (1) his guilty plea failed to satisfy constitutional and procedural requirements; and (2) the District Court's sentence was too harsh. Our independent review of the record confirms that these issues are wholly frivolous.

The first potential argument concerns the validity of the plea colloquy. According to Federal Rule of Criminal Procedure 11(b), a sentencing court must inform the defendant of, and determine that the defendant understands, among other things, the right to plead not guilty, the nature of each charge to which the defendant is pleading, and the consequences of pleading guilty including the mandatory minimum sentence, maximum possible penalty, and the court's obligation to apply the guidelines and discretion not to follow the parties' stipulations. Additionally, the court must establish that there is an adequate factual basis for the plea before it can be accepted. Fed. R. Crim. P. 11(b)(3). The court must also determine that the plea is voluntary and not the result of force, threats, or promises. Fed. R. Crim. P. 11(b)(2).

4

Where a defendant or his counsel does not object to the plea colloquy, the defendant must show that an error was committed, that the error was clear and obvious, and that the error affected the defendant's substantial rights. United States v. Goodson, 544 F.3d 529, 539 (3d Cir. 2008). To determine if a defendant was prejudiced by the court's errors, the court must consider whether the defendant can show "a reasonable probability that, but for the error, he would not have entered the plea." United States v. Hall, 515 F.3d 186, 194 (3d Cir. 2008).

In this case, the District Court performed a cursory plea colloquy. Before taking the plea, the court discussed each of the violations the Probation Office raised and the factual basis surrounding each violation. The court made certain that Days understood that he was pleading guilty and that his plea was knowing and voluntary. The court, however, failed to advise Days of his right not to plead guilty and of the consequences of his plea. These failures constitute clear error. Nevertheless, such errors did not affect Days' substantial rights. Days does not claim that he would not have pled guilty if the colloquy had contained the required elements nor does he allege he did not understand the plea and its consequences. Additionally, the plea agreement was particularly beneficial to Days as his two most severe charges were dropped and the court counted nearly a year of time served against the thirteen-month sentence. Hence, Days cannot show that but for the court's omission he would not have entered the plea. Therefore, there are no non-frivolous issues to appeal regarding the plea colloquy.

The second potential issue identified by counsel is whether Days' sentence was appropriate. In determining a proper sentence, a sentencing court must (1) calculate the

5

individual's guidelines range, (2) rule on departure motions, and (3) exercise discretion by considering all the relevant 18 U.S.C. § 3553(a) factors. United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). Here, the District Court properly calculated the guideline range as seven to thirteen months. The court did not consider any departure motions as none were raised by Days. The court heard arguments from both sides regarding the § 3553(a) factors. Days emphasized the positive progress he made in his life during supervised release, such as his gainful employment and negative drug tests, and the Government highlighted Days's past criminal record. Considering these factors, the court sentenced Days within the guidelines range and provided Days with credit for time served. The court further sentenced Days to two years of supervised release, a reasonable determination in light of the fact that Days and the Government agreed to such terms. Therefore, the court's sentence was not "too harsh," and there are no non-frivolous issues to appeal regarding this sentence.

III.

We will grant counsel's motion to withdraw and will affirm the judgment of the District Court.